IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL JETT, #M35618, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 17-517-MAB |
| | ) | |
| DEE DEE BROOKHART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION TO ENFORCE SETTLEMENT**

NOW COMES the Defendant, ROB JEFFREYS, by and through his attorney, KWAME RAOUL, Attorney General for the State of Illinois, and for his Motion to Enforce Settlement states as follows:

1. The Court's October 26, 2020 Order set this matter for a settlement conference on October 30, 2020. (Court Doc. 100).

2. At the settlement conference on October 30, 2020, the parties agreed to settle this case in its entirety. (Court Doc. 102). A record of the settlement terms was made, wherein Plaintiff, Plaintiff's counsel and counsel for Defendant indicated agreement with the terms of settlement.

3. Counsel for Defendant began drafting the settlement documents after the settlement conference.

4. On November 12, 2020, Counsel for Plaintiff emailed the undersigned, as well as the Court, indicating that Plaintiff no longer wished to proceed with settlement.

5. The settlement agreement in the present case should be enforced as a matter of law as there was agreement supported by consideration.

6. State contract law governs settlement agreements. *Magallanes v. Ill. Bell Telephone*

*Co.,* 535 F.3d 582, 584 (7th Cir.2008); *Leibowitz v. Trebels,* No. 12 C 1536, 2012 WL 5559554, at *3 (N.D.Ill. Nov.14, 2012) (Lefkow, J.). Under Illinois law, an oral settlement agreement is valid and binding so long as there is an offer, acceptance, and a meeting of the minds on all material terms. *Dillard v. Starcon Int'l, Inc.,* 483 F.3d 502, 507 (7th Cir.2007); *Artuk, Inc. v. AKT Corporation,* No. 13 C 3911, 2014 WL 3895920, at *4 (N.D.Ill. Aug.7, 2014) (Holderman, J.) (citations omitted); *In re Estate of LeBloch,* 2013 Ill.App. 121093–U, 2013 WL 2643998, at *4 (Ill.App. 2nd Dist.2013). A meeting of the minds occurs "where there has been assent to the same things in the same sense on all essential terms and conditions." *IMI Norgren, Inc., v. D & D Tooling Mfg., Inc.,* 306 F.Supp.2d 796, 802 (N.D.Ill.2004); *see also Dynegy Marketing and Trade v. Multiut Corp.,* 648 F.3d 506, 515 (7th Cir.2011) (in order there to be a contract between parties, there must be a meeting of the minds or mutual assent as to the terms of the contract); *St. George Investments LLC v. QuamTel, Inc.,* No. 12 C 9186, 2014 WL 812157, at *7 (N.D.Ill. Mar.3, 2014) (Dow, J.) (citations omitted). "Absent mistake or fraud, a settlement agreement will not be disturbed or set aside lightly." *LaSalle Nat. Trust, N.A. v. Lamet,* 2014 Ill.App. 121730–U, 2014 WL 1047881, at *8 (Ill.App. 1st Dist.2014). *May v. Mitchell*, No. 12 C 5350, 2014 WL 4455032, at *1 (N.D. Ill. Sept. 10, 2014).

7. At the settlement conference the Defendant made an offer to Plaintiff to settle his case in its entirety. Plaintiff accepted this offer, after consultation with counsel. A settlement agreement was established at this time, as there was an offer, acceptance, and a mutual meeting of the minds on all material elements.

8. Even if Plaintiff wishes to repudiate on settling after an agreement is reached, as is the case here, simply changing his mind is an insufficient reason to not enforce the agreement. Case law is clear that a party's change of mind is not sufficient grounds for setting aside a

settlement agreement. *See, e.g., Wilson v. Wilson*, 46 F.3d 660, 667 (7th Cir. 1995), *quoting Cummins Diesel Michigan, Inc. v. The Falcon*, 305 F.2d 721, 723 (7th Cir. 1962) ("Yet this court long ago made it clear that 'a settlement agreement or stipulation voluntarily entered into cannot be repudiated by either party and will be summarily enforced by the Court.'"); *Glass v. Rock Island Refining Corp.*, 788 F.2d 450, 454-55 (7th Cir. 1986) ("A party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement insufficient."); *Porter v. Chicago Bd. of Educ.*, 981 F. Supp. 1129, 1133 (N.D. Ill. Nov. 19, 1997), *quoting Moore v. Cooper*, 1996 WL 207187, at *2 (N.D. Ill. April 24, 1996) ("it is established law that 'a mere change of mind is not sufficient grounds for setting aside a settlement agreement.'") Plaintiff has provided no justification for setting aside the agreement. Plaintiff has not indicated any mistake or fraud occurred.

9. The Court and the Defendant relied on Plaintiff's agreement to settle this case. As a result of the settlement the Court canceled all settings and vacated all remaining deadlines and hearings in this case. Defendant also began preparing the settlement paperwork in the expectation that the case was settled. Plaintiff should be estopped from then reneging on the agreement under these circumstances. The settlement agreement should be enforced as a matter of equity, as Defendant would now be prejudiced by having to prepare this case for trial and try this case.

10. In the alternative, Plaintiff should be sanctioned for his refusal to effect settlement per the terms agreed to by the parties. Plaintiff's claim should be dismissed with prejudice and the Defendant should be awarded costs for the present motion.

WHEREFORE Defendant respectfully requests that the Court enter an Order Enforcing Settlement, directing Plaintiff to execute the settlement documents or, in the alternative, dismiss Plaintiff's case with prejudice.

        Respectfully Submitted,

        ROB JEFFREYS,

            Defendant,

        KWAME RAOUL, Attorney General,
        State of Illinois,

            Attorney for Defendant,

Tara M. Barnett, #6327008
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
(618) 236-8781        BY:   s/ Tara M. Barnett
                                    Tara M. Barnett, #6327008
Of Counsel.                      Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL JETT, #M35618, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 17-517-MAB |
| | ) | |
| DEE DEE BROOKHART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

    I hereby certify that on November 12, 2020, the foregoing document, <u>Defendant's Motion to Enforce Settlement Agreement</u>, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Tiffany M. Yiatras:                        tyiatras@gmail.com

                                                  Respectfully submitted,

                                   By:  <u>s/ Tara M. Barnett</u>
                                           Tara M. Barnett, #6327008
                                           Assistant Attorney General
                                           Metro East Office
                                           201 West Pointe Dr., Ste. 7
                                           Belleville, Illinois 62226
                                           (618) 236-8788 Phone
                                           (618) 236-8620 Fax
                                           Email: Tbarnett@atg.state.il.us